## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-21245-CIV-HOEVELER

PATRICK WHEELER,

     Plaintiff,

v.

DePUY SPINE, INC.,
a Massachusetts Corporation,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on the Defendant's Motion for Summary Judgment. The Court heard argument from the parties, and has determined that summary judgment is appropriate as to Plaintiff's products liability (breach of warranty) claim and Plaintiff's claim for negligence. As to the Defendant's motion for summary judgment on the claim for breach of express warranty, the Court has determined that an evidentiary hearing will assist the Court in ruling on Defendant's request for summary judgment. The Court will hear this matter at 10:30 a.m. on Monday, March 22.

### BACKGROUND

Plaintiff filed this case in May 2006, and amended his complaint in January 2007, claiming breach of warranty, negligence, and breach of express warranty relating to injuries allegedly caused by the Charite Artificial Disc manufactured by DePuy Spine Inc. The Charite Disc is an artificial disc implanted in patients with diseased or damaged intervertebral discs. Plaintiff had two of the Discs implanted on Feb. 2, 2005,

at Aventura Community Hospital.  According to Plaintiff's Amended Complaint, after the

surgery Plaintiff continued suffering "severe and debilitating back and leg pain,

problems walking, and numbness in the legs" and "is confined to a wheelchair .... [and]

Plaintiff's problems ... have adversely affected his ability to work." Amended Complaint,

¶¶ 16-17.  Defendant filed an Answer and Affirmative Defenses claiming, *inter alia*, that

Plaintiff's claims are preempted by federal law, that any damages were caused by a

third party over which Defendant had no control, that the product wasn't defective, that

Plaintiff assumed the risk inherent in the use of the Disc, that the claim is barred by a

statute of limitations, and that there is no proof of privity between the parties to support

a claim for breach of express warranty.

## ANALYSIS

To be entitled to summary judgment, Defendant must establish that the weight of

all the evidence, considered in a light most favorable to the non-moving party,

demonstrates that there are no triable issues of material fact.  Celotex Corp. v. Catrett,

477 U.S. 317 (1986).  Under this strict standard, summary judgment is appropriate only

if the record evidence shows that the moving party is entitled to judgment as a matter of

law.  Rule 56(c), Fed. R. Civ. P.

Defendant offers several arguments in support of its motion for summary

judgment.  The Court first addresses Defendant's argument that Plaintiff's products

liability claim under Florida law is preempted by the Medical Device Amendments of

1976 (MDA), 21 U.S.C. § 360c et seq., to the Food, Drug, and Cosmetic Act (FDCA),

2

.

21 U.S.C. § 301 et seq.

## A. Plaintiff's claim for "Breach of Warranty (Products Liability)"

In this claim, Plaintiff asserts that Defendant is liable for Plaintiff's pain and suffering because of the defective condition of the Charite Disc,[1] and because Defendant reasonably could have foreseen that Plaintiff would be affected by the device.  Plaintiff alleges that the device was defective and "unreasonably dangerous at the time the device left the hands of Defendant such that the device was not reasonably suitable for the ordinary uses for which the device was sold."  Am. Complaint, ¶ 25. Defendant seeks summary judgment on the basis of preemption by the MDA.

Congress has required that certain medical devices be subject to an extensive review process by the United States Food and Drug Administration (FDA).  It is undisputed that the Charite Disc is a Class III medical device according to the FDA's regulatory framework, 21 U.S.C. § 360c(a)(1)(C),[2] and was subject to the FDA's review

---

[1]Although Plaintiff's surgery implanted two Discs, the Court reviews Plaintiff's claims as to a single Disc in terms of product failure, as Plaintiff claims not just that the use of two Discs caused Plaintiff's injuries, but that each Disc itself was defective.

[2]Plaintiff does not dispute that the Charite Disc is a Class III medical device.  As noted by the Supreme Court in Riegel v. Medtronic, Inc., 522 U.S. 312 (2008), Class III medical devices receive the "most federal oversight" of any of the categories.

In general, a device is assigned to Class III if it cannot be established that a less stringent classification would provide reasonable assurance of safety and effectiveness, and the device is 'purported or represented to be for a use in supporting or sustaining human life or for a use which is of substantial importance in preventing impairment of human health' or 'presents a potential unreasonable risk of illness or injury.' §360c(a)(1)(C)(ii).

Id. at 317.

prior to being offered for sale in the United States.  The MDA provides for premarket

approval of devices "to provide reasonable assurance of [the device's] safety and

effectiveness," and authorizes the Secretary of Health and Human Services to "conduct

such activities as may be necessary to develop or obtain [sufficient information to

establish a performance standard for the device]."  21 U.S.C. § 360c(a)(1)(C).  It is

undisputed that the Charite Disc received the FDA's premarket approval in October

2004.

> The MDA includes an express pre-emption clause:

> Except as provided in subsection (b) of this section, no State or political
> subdivision of a State may establish or continue in effect with respect to a device
> intended for human use any requirement

> (1) which is different from, or in addition to, any requirement applicable under this
> chapter to the device, and

> (2) which relates to the safety or effectiveness of the device or to any other
> matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k(a).  Subsequent to the filing of Plaintiff's case, the Supreme Court

announced its decision in Riegel v. Medtronic, Inc., 552 U.S. 312 (2008), holding that

the pre-emption clause of the MDA barred common law claims challenging the safety

and effectiveness of those medical devices given premarket approval by the FDA; the

holding did not, however, exclude all types of state claims.

> State requirements are pre-empted under the MDA only to the extent that they
> are "different from, or in addition to" the requirements imposed by federal law. [A
> State is not prevented] from providing a damages remedy for claims premised on
> a violation of FDA regulations; the state duties in such a case "parallel," rather
> than add to, federal requirements.

Id. at 330 (citations omitted).

> Plaintiff has not stated a claim for products liability that can proceed, as Plaintiff

4

has not made a claim "premised on a violation of FDA regulations" – the only type of claim that is not pre-empted by the MDA. Plaintiff asserts that his claims "... are distinguishable from claims based on the defendant's violation of an FDA disclosure requirement," and he specifically disavows any reliance on a federal statutory violation as to his strict liability claim: "[t]his claim for relief places no reliance on a statutory violation." Plaintiff's Memorandum in Opposition, pp. 27-28. Plaintiff argues that his claims are "traditional products liability" based on Defendant's alleged violation of its duty of care in the design, labeling, and manufacture of its device and that these claims do not rely "merely on ... deviation from a statute." Id. Plaintiff not only does not identify a Florida law that provides a damages remedy based on an alleged violation of FDA regulations, but also clearly states that he is attempting to bring a products liability claim based only on duty of care – the precise type of state tort claim pre-empted by the MDA. "[P]remarket approval is specific to individual devices.... [a]nd it is in no sense an exemption from federal safety review – it is federal safety review." Riegel, 552 U.S. at 323 (emphasis in original). "State tort law that requires a manufacturer's [product] to be safer, but hence less effective, than the model the FDA has approved disrupts the federal scheme no less than state regulatory law to the same effect." Id. at 325.

In light of Plaintiff's inability to identify a Florida law that supports a claim that is not pre-empted by the MDA, Defendant is entitled to summary judgment as to the products liability claim.

## B.  Plaintiff's claim for negligence

Plaintiff argues that Defendant breached its duty of reasonable care to Plaintiff

by:

> violating FDA requirements, standards and regulations and incorporating a
> defect into the *design* of the device....
>
> *manufacturing* and assembling the device in such a manner that it was prone to
> fail to operate as advertised and warranted.... [and]
>
> failing to exercise due care under the circumstances and through the
> manufacture and *sale* of the device which was in a defective condition.

Am. Compl., ¶¶ 29, 30, 31 (emphasis added).  Plaintiff claims that Defendant was

negligent in the design, manufacturing, and sale of the Charite disc.

The Supreme Court explained in Riegel v. Medtronic that the MDA shields

manufacturers of FDA-approved medical devices from state products liability laws

absent a specific state law providing a damages remedy for claims premised on

violations of FDA regulations.  As noted by the Supreme Court in an earlier decision,

the MDA precludes a state from imposing different or additional requirements as to the

safety or design of a device, but doesn't preclude a state from enacting different or

additional remedies for violations of federal requirements.  Medtronic, Inc. v. Lohr, 518

U.S. 470 (1996).  In other words, a common law cause of action for negligence seeks to

imposes a requirement and thus is pre-empted by federal requirements specific to a

medical device that has received FDA premarket approval.  Plaintiff's Amended

Complaint states that he seeks to "enforce the requirements of the FDA approval of the

device," Am. Compl. ¶ 21, but he does not reference a Florida law that provides a

damages remedy for such claims. Under Florida law, the violation of a statute creates

6

no civil liability unless that statute indicates an intent to create a cause of action.
Murthy v. N. Sinha Corp., 644 So. 2d 983 (Fla. 1994) (declining to infer creation of a
cause of action for violation of a statute, absent indication of legislative intent).

To support his claim of negligence in design of the product, Plaintiff asserts that
Defendant violated FDA requirements, standards, and regulations by disregarding the
performance characteristics in its design Input, Output, Validation, Verification (IOVV)
and Potential Failure Mode and Effects Analysis (FMEA) tables submitted to the FDA.
Plaintiff claims that these are federal requirements because they were submitted as
part of the PMA process, and are used by the FDA in its review during the design
control process. Even if these performance characteristics were to be construed as
federal requirements, Plaintiff has failed to assert a state law authorizing such claims
and, therefore, his claim must fail. In addition, Plaintiff claims that Defendant
"independent of this violation [of federal regulations]," p. 28, Plaintiff's Memorandum,
adopted a defective design, but claims that do not parallel the federal requirements are
pre-empted by the MDA. As Plaintiff has not established that Florida has provided for a
claim of negligent design that survives the MDA pre-emption test, the Defendant is
entitled to summary judgment as to Plaintiff's claim that Defendant negligently designed
the Charite disc.

To the extent that Plaintiff is asserting a claim for negligent manufacturing or sale
of the Charite disc, such claim is not pre-empted if it is based on allegations that
Defendant did not manufacture the device as described in the standards specified in
the PMA application. Plaintiff argues that Defendant violated its PMA application and
FDA regulations because the Charite disc did not perform as described to the FDA (did

not restore anatomical disc height and range of motion, did not resist subsidence, etc.),

and that Defendant failed to comply with conditions of the PMA by permitting usage of

two discs in a patient,[3] and also by not accurately disclosing to the FDA the number and

extent of complications of disc implementations of which it was aware.[4]  Whether these

claims are characterized as negligent design, manufacture, or sale of the product,

Florida law does not authorize the only type of "negligence" claims that might survive

the MDA, i.e., a claim based on violation of federal requirements.  Although Plaintiff

---

[3]As the Supreme Court observed, in Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001), 21 U.S.C. § 396 expressly states that "'nothing in this chapter shall be construed to limit or interfere with the authority of a health care practitioner to prescribe or administer any legally marketed device to a patient for any condition or disease within a legitimate health care practitioner-patient relationship.'" 531 U.S. 341, 350 (2001). "Thus, the FDA is charged with the difficult task of regulating the marketing and distribution of medical devices without intruding upon decisions statutorily committed to the discretion of health care professionals." Id. "'[O]ff-label'" use of medical devices, defined by the court as "use of a device for some other purpose than that for which it has been approved by the FDA," is an "accepted and necessary corollary of the FDA's mission to regulate in this area without directly interfering with the practice of medicine." Id.

[4]Plaintiff alleges that Defendant failed to accurately disclose all known and reasonably available information about the performance of the disc - which appears to be a claim based on a violation of federal (FDA) regulations, e.g., 21 C.F.R. 814.3(1). But Florida does not provide a damages remedy, the only type of claim that could proceed, as Plaintiff appears to acknowledge at p. 18 of his Memorandum.

The FDCA "leaves no doubt" that it is the Federal Government and not private litigants who are authorized to sue for noncompliance with the medical device provisions.  21 U.S.C. 337(a). Although Plaintiff states that he is not bringing a fraud-on-the-FDA claim, the claim described by Plaintiff appears to be such a claim, and as such it should be addressed to the FDA.  In Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001), the Supreme Court found – in the context of section 510(k) review – that state law fraud-on-the-FDA claims conflicted with, and therefore were preempted by, federal law.  "The conflict stems from the fact that the federal statutory scheme amply empowers the FDA to punish and deter fraud against the Agency, and that this authority is used by the Agency to achieve a somewhat delicate balance of statutory objectives."  Id. at 348 .

claims that he is not bringing a claim that Defendant's alleged violation of federal regulations constitutes negligence "per se" and instead is asserting a state law claim that the Defendant violated the terms of the FDA approval - thus implying that such a claim might not be pre-empted, the Court is not persuaded.   Regardless of Plaintiff's artful use of language, common law products liability or negligence actions – i.e., actions not based on a "parallel" requirement adopted by a state – are pre-empted by the MDA. Riegel v. Medtronic. Thus, Plaintiff's negligence claims are pre-empted to the extent that they are not based on violations of federal requirements, and the claims fail to the extent that they are based on violations of federal requirements, as Florida law does not provide such a remedy.

## C.  Plaintiff's claim for breach of express warranty

Plaintiff's claim for breach of express warranty alleges that Defendant breached its express warranty because:

   a. The *safety* of the device was not proven and, rather, the device was unsafe:

   b.  The *efficacy* of the device was not proven and, rather, the device was not efficacious;

   c.  The *durability* of the device was not proven and, rather, the device was not sufficiently durable; and

   d.  The device does not restore natural motion to the Plaintiff.

Am. Complaint, ¶ 36.  Plaintiff bases this claim on statements he read before deciding to proceed with the surgery -- those statements were contained in a brochure and also found on the Defendant's website, and Plaintiff claims to have relied on those

9

statements.  Plaintiff's Affidavit, ¶¶ 16-19. Defendant responds that the Plaintiff has not

demonstrated that an express warranty was created, and therefore cannot establish

that such a warranty was breached.  Defendant argues that the statements referenced

by Plaintiff do not constitute an "affirmation of fact or promise" which became "part of

the basis of the bargain."  Fla. Stat. § 672.313.  Defendant also claims that the FDA's

approval of the statements in the brochure shield the Defendant from liability in this

action.  Plaintiff appears to concede that such statements might be pre-empted, noting

that "[w]here a plaintiff does not limit alleged express warranties to FDA-approved

labeling or advertising ... [claims for breach of express warranty based on voluntarily

made representations are not preempted]."  Plaintiff's memorandum, p. 33.  Plaintiff,

however, also asserts that express warranty claims based on FDA-approved

statements seek to enforce parallel requirements and, as such, are not pre-empted.

The opinion of the Supreme Court in Riegel did not specifically address the

pre-emption issue with regard to a claim for breach of express warranty. 552 U.S. at

321,  n.2. The trial court in Riegel had found that the MDA did not pre-empt a claim for

breach of express warranty, although the court ultimately granted summary judgment to

the manufacturer on that claim.  Id.  The trial court determined that "clear, conspicuous

and specific language" disclaimed any express warranty.  Riegel v. Medtronic, 2003

U.S. Dist. LEXIS 27454 (N.D. N.Y. 2003).  The appellate court affirmed the grant of

summary judgment without needing to address the issue of preemption, and therefore

the issue of whether or not the MDA preempts a breach of warranty claim with respect

to a Class III device was not presented to the Supreme Court.

It is undisputed that the brochure referenced by Plaintiff was approved by the

FDA in the premarket approval process. If this Court were to allow a claim to proceed for breach of express warranty under Florida law as to the statements in the brochure, it appears that such a claim would represent a requirement on the manufacturer/device that was "different from or in addition to" the federal requirements – the type of claim pre-empted by the MDA. The Eleventh Circuit Court of Appeals has not yet addressed the issue as to whether claims for breach of express warranty are pre-empted by the MDA, although other Circuits have adopted differing positions.

Even if I assume that this claim is not pre-empted, to avoid entry of summary judgment the Plaintiff must establish that there is a question of fact as to whether Defendant is responsible to Plaintiff for these statements upon which Plaintiff claims to have relied. Defendant has made a strong argument that privity is lacking, and that these statements do not constitute an "affirmation of fact or promise" under Florida law. Plaintiff has offered his own Affidavit and suggests that privity can be established.

As noted above, the Court has determined that an evidentiary hearing on this issue will assist the Court in ruling on the question of summary judgment; thus, the Defendant's motion for summary judgment as to this claim will be heard at 10:30 a.m. on Monday, March 22, 2010. Counsel shall be prepared to address, initially, the question of law as to whether the claim for breach of express warranty is pre-empted, and then the Court will hear arguments and evidence as to the question of privity and reliance.

In summary, the Supreme Court's directive is clear that the MDA pre-empts the type of products liability claim brought in the first count of Plaintiff's Amended

11

Complaint. As to Plaintiff's claim of negligence, even if there were disputed issues of fact, Defendant is entitled to summary judgment as to each of these claims as Florida law does not authorize these specific parallel claims. As to the claim for breach of express warranty, the Court defers ruling on Defendant's motion for summary judgment. Thus, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment be GRANTED, in part, consistent with the discussion above.

DONE AND ORDERED in chambers in Miami-Dade County, Florida, this 8th day of March, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:    Howard Bushman
              Peter Flowers
              Jeffrey B. Shapiro

12